UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROD M. SHARPLEY,

                Petitioner,

   -v-                                                         1:06-CV-1178
                                                                 (LEK)

UNITED STATES OF AMERICA,

                Respondent,
_____

## **MEMORANDUM-DECISION AND ORDER**[1]

### **I. Background**

Petitioner Rod M. Sharpley ("Petitioner" or "Defendant") was arrested on July 12, 2002 and charged with violations of Title 18 United States Code, Section 2251(a), production, and attempted production of images of actual minors engaged in sexually explicit conduct. After a search warrant was executed upon his residence on July 13, 2002, Petitioner was also charged with a violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(2), possession of a firearm by a person previously convicted of a felony.

Petitioner pled guilty to two counts from the indictment regarding sexual conduct with a minor and one count from the indictment charging unlawful firearm possession pursuant to a written plea agreement filed on October 22, 2003. Plea Agreement (Dkt. No. 16, Ex. 2). At that time, Petitioner admitted that between 1999 and July 13, 2002, he took sexually explicit digital images of a male minor at his residence in Rensselaer, New York. Id. at 6-7. The images also depict Petitioner and the minor engaging in acts of oral and anal sex. Id. According to his plea, Petitioner

---

[1] For printed publication by the Federal Reporters.

knew the male was a minor at the time and he retained these images on his computer and on computer disks.  Id.  Petitioner also admitted that in July of 2002, he had a conversation with the mother of a 13 year old female in which they planned for Petitioner to secretly videotape this minor, and other children, changing into their bathing suits at a party at the mother's house.  Id.  Petitioner had discussed with the mother his intention to videotape himself having sex with this minor at the conclusion of the party.  Id.  On July 13, 2002, Petitioner arrived at the mother's house and set up the video camera; he was subsequently arrested.  Id.

The plea agreement specified that Petitioner waived his right to appeal, and/or to collaterally attack the conviction and sentence in his case, except for the explicit right to appeal the issues of whether his conviction under 18 United States Code Section 2251(a) violated the Commerce Clause of the United States Constitution and whether a prior state conviction was valid and eligible for enhancing Petitioner's sentence.

On October 22, 2003, a Rule 11 proceeding was held to ensure that Petitioner understood his rights and the consequences of signing the plea agreement.  Plea Minutes (Dkt. No. 16, Ex. 2). Petitioner acknowledged he was freely and voluntarily signing the agreement.  Id. at 17.  Petitioner was subsequently sentenced to 180 months of incarceration and five years of supervised release on May 11, 2004.  Sentencing Minutes (Dkt. No. 16, Ex. 4) at 14-15.

Petitioner, acting *pro se*, now petitions this Court for a writ of habeas corpus, pursuant to 28 United States Code Section 2255, and seeks various forms of relief.  Petitioner's Motion (Dkt. No. 1).

## II. Discussion

### A. Waiver of Appeal and Effect of Direct Appeal Decisions

It is well established that a defendant's voluntary and knowing waiver of the right to appeal is generally enforced. United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). Such waivers can be a part of valid, enforceable, plea agreements. United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005). In hearing a habeas petition, a district court is entitled to rely upon a Defendant's statements, made under oath and in open court at the time his plea is accepted, that he understands the consequences of the waiver and the limitations it places on his ability to further litigate and appeal. Hernandez, 242 F.3d. at 112. The record shows that the court in this case inquired as to whether the Petitioner had the capacity to understand his rights and whether he appreciated the consequences of his plea and waiver. Plea Minutes (Dkt. No. 16, Ex. 2) at 4-22. The Petitioner consistently responded that he understood his rights and the consequences of his plea, and furthermore that the facts laid out by the government were true and reflected the conduct that brought him before the court. Id.

>   Thus, the following knowing and voluntarily waiver by Petitioner is enforceable:
>
>   The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his right to appeal, and/or to collaterally attack the conviction and sentence in this case. Other than his right to appeal the issues of whether his convictions under Counts 1 and 2 of Superceding Indictment 02-CR-333 violate the Commerce Clause fo the United States Constitution and the validity of his prior state conviction, the Defendant waives any and all rights, including those conferred by 18 U. S. C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 180 months or less. . .

Plea Agreement (Dkt. No. 16, Ex. 3) at ¶13.

Petitioner has exercised the plea agreement's explicitly reserved right to directly appeal his

convictions on limited grounds. United States v. Sharpley, 399 F.3d 123 (2d Cir. 2005). However, the Second Circuit denied the Petitioner's direct appellate motions and affirmed his convictions on the merits. Id. at 128. The Supreme Court then denied Petitioner's subsequent request for certiorari. Sharpley v. United States, 126 S.Ct. 78 (Mem) (2005). Thus, the questions raised by Petitioner regarding the constitutionality of the statute he was convicted under, and the length of his sentence, have seen resolution on the merits.[2]

Accordingly, because the plea agreement is binding and Petitioner's limited right to appeal has seen resolution on the merits, Petitioner is procedurally barred from relitigating those issues that have been considered and decided upon adversely to him with a collateral attack under Section 2255. Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992); United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (per curiam). Petitioner's additional claims regarding recidivist enhancement, entrapment, actual innocence, the gun charges, and speedy trial violations are also barred from consideration on their merits by the terms of the plea agreement.

### B. Ineffective Assistance of Counsel

Regardless of Petitioner's waiver, Petitioner is entitled to file a collateral attack under Section 2255 claiming ineffective assistance of counsel. A challenge to the process by which Petitioner's waiver was procured is separate from his waiver and allowable. Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir 2002). Here, Petitioner's plea

---

[2]The Second Circuit did leave one door open for Petitioner regarding his current sentence, stating that *if* he could successfully vacate his prior state felony conviction through state or federal collateral challenges he *may* be able to reopen his present sentence. Sharpley, 399 F.3d at 126. However, to date Petitioner has not brought a collateral challenge to his prior state felony conviction in either state or federal court.

agreement is part of the process he may challenge, "[t]he rationale [being] that 'the very product of the alleged ineffectiveness' [(the plea agreement)] cannot fairly be used to bar a claim of ineffective assistance of counsel." Hernandez, *supra*, 242 F.3d at 114 (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999)).

However, as a number of courts have found, to allow an ineffective assistance of counsel claim to come forward under Section 2255 and bypass a valid waiver of appellate rights, the scope of inquiry is limited to "those discrete claims which relate directly to the negotiation of the waiver [or the plea agreement]. . .", Jones, *supra*, 167 F.3d at 1145, and to the "validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001); see also United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); Davilla v. United States, 258 F.3d 448, 450-52 (6th Cir. 2001); United States v. Johnson, 347 F.3d 412, 415 (2d Cir. 2003) (recognizing such limitations in dicta).

As with all ineffective assistance of counsel claims, Petitioner is bound by the Supreme Court's framework in Strickland v. Washington, ("Strickland") 466 U.S. 668 (1984). Petitioner has the burden to show that, "(1) his attorney's performance fell below an 'objective standard of reasonableness' and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Arnold, 126 F.3d 82, 89 (2d Cir. 1997) (quoting Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995); Strickland, 466 U.S. at 694). In doing so, Petitioner faces a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Here, Petitioner's arguments do not warrant habeas relief on the grounds of ineffective assistance of counsel. Although Petitioner's arguments regarding recidivist enhancement,

entrapment, actual innocence, the gun charges, and speedy trial violations are barred, Petitioner is entitled to raise the impact these issues would have had on his decision to plead guilty for the purposes of an ineffective assistance of counsel claim.  Jones, *supra*, 167 F.3d at 1145.  However, none of the arguments put forward by Petitioner, either singularly or collectively, meet the Strickland requirements.

Petitioner claims that had his counsel "properly advised" him on some or all of these issues, he would not have pled guilty and would have insisted upon going to trial.  Petitioner's Reply (Dkt. No. 24) at 2.  Petitioner also claims that his counsel did not fully investigate and motion the court on these issues, resulting in a "plethora of errors and forfeited defenses . . .," which constitute ineffective assistance.  Id.  However, while Petitioner claims he would not have pled guilty but for his counsel's actions, *objective* evidence supporting such a claim is needed to satisfy the Strickland framework.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Petitioner has not been able to provide such objective evidence, and the record does not reflect any.

Rather, at the time Petitioner's plea agreement was accepted by this court, Petitioner was specifically asked if the facts Petitioner had agreed to in the plea agreement were accurate and able to be proven beyond a reasonable doubt.  Plea Minutes (Dkt. No. 16 Ex. 4) at 13.  Petitioner answered in the affirmative.  Id.  Those facts include admissions by Petitioner that he had taken explicit sexual pictures of minor children, had performed sexual acts on minor children, and had attempted to do more of the same.  Plea Agreement (Dkt. No. 16, Ex. 3) at ¶ 5.  Petitioner also admitted to using the internet and his home computer to view, download, and store similar pictures. Id.  Petitioner also admitted to knowing there were multiple firearms in his home.  Id.

As courts in this circuit have found, if after reviewing the record and the facts of the case,

there is no reasonable probability that petitioner would not have pled guilty, the Strickland requirements have not been met. Oyague v. Artuz, 274 F. Supp. 2d 251, 261-262 (E.D. N.Y. 2003) (affirmed in Oyague v. Artuz, 393 F. 3d 99 (2d Cir. 2004)). It is unnecessary to address each of the various arguments of ineffectiveness in great detail, either singularly or cumulatively. Id. Additionally, considering the admitted facts, any failure by counsel to fully investigate every factual or legal circumstance relating to the case does not constitute ineffective service. Id. Rather, as in Oyague, because the evidence of Petitioner's guilt is so great, there is no reasonable probability Petitioner would not have pled guilty. Id. at 262. Thus, without any objective evidence and considering the admitted facts, Petitioner has not met his burden under Strickland and has not shown a "probability sufficient to undermine confidence in the outcome" of this case. 466 U.S. at 694.

      Accordingly, Petitioner's motion for a writ of Habeas Corpus, pursuant to 28 U.S.C. Section 2255, is denied in its entirety.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Motion to vacate, set aside or correct sentence, pursuant to 28 United States Code Section 2255, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    June 27, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge